**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                                                                                       No. CR 08-2936 JB

JAVIER AISPURO a/k/a JAIME
ZAMORAN-GONZALES,

      Defendant.

**MEMORANDUM OPINION AND ORDER**

      **THIS MATTER** comes before the Court on the Sentencing Memorandum on Behalf of Jaime Zamoran-Gonzales, filed May 4, 2011 (Doc. 459). The Court held a hearing on May 13, 2011. The primary issue is whether the Court should accept the terms of the plea agreement and impose a sentence of 135 months in accordance with the terms of the plea agreement. The Court has reviewed the Presentence Report ("PSR") with care. There not being any objections to the PSR's factual findings, the Court adopts those findings as its own. The Court has also considered the sentencing guideline applications in the PSR. There being no objections to those, the Court will adopt those as its own. The Court has also considered the factors that 18 U.S.C. § 3553(a) sets forth. Defendant Javier Aispuro a/k/a Jaime Zamoran-Gonzales' offense level is 41 and his criminal history category is II, establishing a guideline imprisonment range of 360 months to life. Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, however, the Court accepts the plea agreement, which includes a specific sentence of 135 months, as the Court is satisfied the agreed sentence departs for justifiable reasons. The Court notes that Defendant Javier Aispuro a/k/a Jaime Zamoran-Gonzales was the leader of the Aispuro drug-trafficking organization. Zamoran-Gonzales has been identified as one of the largest suppliers of methamphetamine in the Albuquerque, New

Mexico area, responsible for trafficking approximately twenty to fifty pounds of methamphetamine per week over at least a six-month period, resulting in gross sales of between $6,240,000.00 and $14,400,000.00. The investigation resulted in eleven search warrants and thirteen seizure warrants being executed. The result of these warrants contributed to the seizure of $144,000.00 in United States currency, twelve firearms, several vehicles, and over two pounds of methamphetamine. Zamoran-Gonzales was charged, along with seven other co-Defendants, with Conspiracy, and Possession with Intent to Distribute 500 Grams or More of Methamphetamine. The last four Defendants, including Zamoran-Gonzales, were given a joint offer to resolve the entire matter globally, which left several motions on the table -- including a current discovery motion, a challenge to the fruits of the wiretap, and an anticipated motion to suppress. The wiretap calls in this case, as in many other cases, are open to interpretation with respect to amounts, and the defense likely would not share the same interpretation as Plaintiff United States of America. In light of this potential ambiguity, the United States did not rely on the content of the telephone calls to assess the weight of the evidence it has against Zamoran-Gonzales, and instead relied on the weight of the narcotics involved in five sales of methamphetamine Zamoran-Gonzales' made to a confidential informant. The United States calculated that, from the sales, it had between one and one-half kilograms and five kilograms of a mixture and substance containing a detectable amount of methamphetamine, which would call for an offense level of 34. The United States in calculating its plea offer worked off the base offense level. Instead of giving 3 points for acceptance of responsibility, it gave 2 points because of the late stage of the case. Looking at that in conjunction with Zamoran-Gonzales' criminal history category of II yielded a guideline imprisonment range of 135 to 168 months. Consistent with its offers to the co-Defendants, the United States proposed a plea deal with a sentence at the low end of the range -- 135 months. A sentence of 135 months is significantly longer

than the co-Defendants' sentences. The next longest sentence is 96 months.

The Court has considered the guidelines, but in arriving at its sentence, the Court has taken into account not only the guidelines, but other sentencing goals. Specifically, the Court has considered the guideline sentencing range established for the applicable category of offense committed by the applicable category of defendant. The Court believes, after carefully reviewing the amount of drugs that could be easily attributable to Zamoran-Gonzales, as well as the motions defense counsel have been preparing on the wiretap and suppression motions and other possible weaknesses in the United States' case as to whether all the relevant conduct would be able to be proven against Zamoran-Gonzales, the Court believes that the punishment that the guidelines set forth is not appropriate for this sort of offense. The Court has, in the past, considered weaknesses or difficulties in the United States' case as a ground for variance. See United States v. Summers, 506 F. Supp. 2d 686, 698-99 (D.N.M. 2007)(Browning, J.)("The Court can, under 18 U.S.C. § 3553(a), take into account the problems with the United States' case."); United States v. Jiang, 376 F. Supp. 2d 1153, 1157-58 (D.N.M. 2005)(Browning, J.)(granting a variance after examining the potential benefits to the United States and the public of going to trial); United States v. Stone, 374 F. Supp. 2d 983, 990 (D.N.M. 2005)(Browning, J.)(granting a variance after considering the United States' prospects at trial). In this case, the Court has considered the kinds of sentences and ranges that the guidelines establish, and given the overall difficulties of the United States' case, the Court believes that a sentence of 135 months, which reflects the transactions which are easily provable during that six-month period, reflects adequately the factors in 18 U.S.C. § 3553(a). The Court continues to believe that this sentence reflects the seriousness of the offense and promotes respect for the law, and that it is long enough to provide a just punishment, to afford adequate deterrence, and to protect the public. In sum, the Court believes that this sentence fully and effectively reflects

each of the factors that 18 U.S.C. § 3553(a) embodies. And while the Court's task as a trial court is not to come up with a reasonable sentence, but to balance the 18 U.S.C. § 3553(a) factors correctly, see United States v. Conlan, 500 F.3d 1167, 1169 (10th Cir. 2007)("[A] district court's job is not to impose a reasonable sentence. Rather, a district court's mandate is to impose a sentence sufficient, but not greater than necessary, to comply with the purposes of section 3553(a)(2).")(citation omitted), the Court believes that this sentence balances the factors in 18 U.S.C. § 3553(a) and is a reasonable sentence. Moreover, the Court concludes that this sentence is sufficient without being greater than necessary to comply with the purposes set forth in the Sentencing Reform Act.

**IT IS ORDERED** that Defendant Javier Aispuro a/k/a Jaime Zamoran-Gonzales' request that the Court accept the terms of the plea agreement and impose a sentence of 135 months in accordance with the terms of the plea agreement in the Sentencing Memorandum on Behalf of Jaime Zamoran-Gonzales, filed May 4, 2011 (Doc. 459), is granted.

                                                      _____
                                                      UNITED STATES DISTRICT JUDGE

*Counsel:*

Kenneth J. Gonzales
  United States Attorney
Joel Myers
Cynthia L. Weisman
  Assistant United States Attorney
Albuquerque, New Mexico

      *Attorneys for the Plaintiff*

Stephen P. McCue
  Federal Public Defender
John F. Robbenhaar
  Assistant Federal Public Defender
Albuquerque, New Mexico

    *Attorney for the Defendant*