# UNITED STATES DISTRICT COURT
**District of New Mexico**

| | |
|---|---|
| UNITED STATES OF AMERICA<br>V.<br>**Javier Aispuro**<br>**a/k/a Jaime Zamoran-Gonzales** | **Judgment in a Criminal Case**<br><br>(For Offenses Committed On or After November 1, 1987)<br>Case Number: **1:08CR02936-001JB**<br>USM Number: **48132-051**<br>Defense Attorney: **John Robbenhaar, Appointed** |

THE DEFENDANT:

☒ pleaded guilty to count(s) **Indictment**
☐ pleaded nolo contendere to count(s)  which was accepted by the court.
☐ after a plea of not guilty was found guilty on count(s)

The defendant is adjudicated guilty of these offenses:

| *Title and Section* | *Nature of Offense* | *Offense Ended* | *Count Number(s)* |
|---|---|---|---|
| 21 U.S.C. Sec. 846 | Conspiracy to Violate 21 U.S.C. Sec. 841(b)(1)(A). | 12/16/2008 | |

The defendant is sentenced as provided in pages 2 through **6** of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count .
☐ Count   dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

**May 13, 2011**
Date of Imposition of Judgment

**/s/ James O. Browning**
Signature of Judge

**Honorable James O. Browning**
**United States District Judge**
Name and Title of Judge

**August 11, 2011**
Date Signed

Defendant: **Javier Aispuro**
Case Number: **1:08CR02936-001JB**

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **135 months**.

**The Court recommends that Immigration and Customs Enforcement begin removal proceedings during service of sentence.**

The Court has reviewed the Presentence Report ("PSR") with care. There not being any objections to the PSR`s factual findings, the Court adopts those findings as its own. The Court has also considered the sentencing guideline applications in the PSR. There being no objections to those, the Court will adopt those as its own. The Court has also considered the factors that 18 U.S.C. § 3553(a) sets forth. Defendant Javier Aispuro a/k/a Jaime Zamoran-Gonzales` offense level is 41 and his criminal history category is II, establishing a guideline imprisonment range of 360 months to life. Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, however, the Court accepts the plea agreement, which includes a specific sentence of 135 months, as the Court is satisfied the agreed sentence departs for justifiable reasons. The Court notes that Aispuro was the leader of the Aispuro drug-trafficking organization. J. Aispuro has been identified as one of the largest suppliers of methamphetamine in the Albuquerque, New Mexico area, responsible for trafficking approximately twenty to fifty pounds of methamphetamine per week over at least a six-month period, resulting in gross sales of between $6,240,000.00 and $14,400,000.00. The investigation resulted in eleven search warrants and thirteen seizure warrants being executed. The result of these warrants contributed to the seizure of $144,000.00 in United States currency, twelve firearms, several vehicles, and over two pounds of methamphetamine. J. Aispuro was charged, along with seven other co-Defendants, with Conspiracy, and Possession with Intent to Distribute 500 Grams or More of Methamphetamine. The last four Defendants, including J. Aispuro, were given a joint offer to resolve the entire matter globally, which left several motions on the table -- including a current discovery motion, a challenge to the fruits of the wiretap, and an anticipated motion to suppress. The wiretap calls in this case, as in many other cases, are open to interpretation with respect to amounts, and the defense likely would not share the same interpretation as Plaintiff United States of America. In light of this potential ambiguity, the United States did not rely on the content of the telephone calls to assess the weight of the evidence it has against J. Aispuro, and instead relied on the weight of the narcotics involved in five sales of methamphetamine that J. Aispuro made to a confidential informant. The United States calculated that, from the sales, it had between one and one-half kilograms and five kilograms of a mixture and substance containing a detectable amount of methamphetamine, which would call for an offense level of 34; the USPO used an offense level of 38 -- the base offense level for fifteen kilograms or more of methamphetamine. The United States in calculating its plea offer worked off this lower base offense level. Instead of giving 3 points for acceptance of responsibility, it gave 2 points because of the late stage of the case. Using that different offense level in conjunction with J. Aispuro`s criminal history category of II yielded a guideline imprisonment range of 135 to 168 months. Consistent with its offers to the co-Defendants, the United States proposed a plea deal with a sentence at the low end of the range -- 135 months. A sentence of 135 months is significantly longer than the co-Defendants` sentences. The next longest sentence is 96 months.

The Court has considered the guidelines, but in arriving at its sentence, the Court has taken into account not only the guidelines, but other sentencing goals. Specifically, the Court has considered the guideline sentencing range established for the applicable category of offense committed by the applicable category of defendant. The Court believes, after carefully reviewing the amount of drugs that could be easily attributable to J. Aispuro, as well as the motions defense counsel have been preparing on the wiretap and suppression motions and other possible weaknesses in the United States` case, such as whether all the relevant conduct would be able to be proven against J. Aispuro, the Court believes that the punishment that the guidelines set forth is not appropriate for this sort of offense. The Court has, in the past, considered weaknesses or difficulties in the United States` case as a ground for variance. See United States v. Summers, 506 F. Supp. 2d 686, 698-99 (D.N.M. 2007)(Browning, J.)("The Court can, under 18 U.S.C. § 3553(a), take into account the problems with the United States` case."); United States v. Jiang, 376 F. Supp. 2d 1153, 1157-58 (D.N.M. 2005)(Browning, J.)(granting a variance after examining the potential benefits to the United States and the public of going to trial); United States v. Stone, 374 F. Supp. 2d 983, 990 (D.N.M. 2005)(Browning, J.)(granting a variance after considering the United States` prospects at trial). In this case, the Court has considered the kinds of sentences and ranges that the guidelines establish, and given the overall difficulties of the United States` case, the Court believes that a sentence of 135 months, which reflects the transactions which are easily provable during that six-month period, reflects adequately the factors in 18 U.S.C. § 3553(a). This plea agreement is also part of a global plea resolution that the United States of America offered to the Defendants who had not yet pled guilty. The Court continues to believe that this sentence reflects the seriousness of the offense and promotes respect for the law, and that it is long enough to provide a just punishment, to afford adequate deterrence, and to protect the public. In sum, the Court believes that this sentence fully and effectively reflects each of the factors that 18 U.S.C. § 3553(a) embodies. And while the Court`s task as a trial court is not to come up with a reasonable sentence, but to balance the 18 U.S.C.

§ 3553(a) factors correct ly, see United States v. Conlan, 500 F.3d 1167, 1169 (10th Cir. 2007)("[A] district court`s job is not to impose a reasonable sentence. Rather, a district court`s mandate is to impose a sentence sufficient, but not greater than necessary, to comply with the purposes of section 3553(a)(2).")(citation omitted), the Court believes that this sentence balances the factors in 18 U.S.C. § 3553(a) and is a reasonable sentence. Moreover, the Court concludes that this sentence is sufficient without being greater than necessary to comply with the purposes set forth in the Sentencing Reform Act of 1984, Pub. L. No. 98-473, 98 Stat.1987.

☒ The court makes the following recommendations to the Bureau of Prisons:

**The Court recommends a facility as close as possible to Albuquerque, New Mexico.**

☒ The defendant is remanded to the custody of the United States Marshal.
☐ The defendant shall surrender to the United States Marshal for this district:
  ☐ at  on
  ☐ as notified by the United States Marshal.
☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
  ☐ before 2 p.m. on
  ☐ as notified by the United States Marshal
  ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to
_____ at _____ with a Certified copy of this judgment.

UNITED STATES MARSHAL

By

DEPUTY UNITED STATES MARSHAL

Defendant: **Javier Aispuro**
Case Number: **1:08CR02936-001JB**

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **5 years unsupervised**.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.
The defendant shall not commit another federal, state, or local crime.
The defendant shall not unlawfully possess a controlled substance.
The defendant shall refrain from any unlawful use of a controlled substance.
The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

- ☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
- ☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable).
- ☒ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable).
- ☐ The defendant shall register with the state, local, tribal and/or other appropriate sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)
- ☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Criminal Monetary Penalties sheet of this judgment.
The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement;

Defendant: **Javier Aispuro**
Case Number: **1:08CR02936-001JB**

## SPECIAL CONDITIONS OF SUPERVISION

**The defendant must not reenter the United States without legal authorization.**

**As to the following standard condition, it shall not apply to employers: as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant`s criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant`s compliance with such notification requirements.**

Defendant: **Javier Aispuro**
Case Number: **1:08CR02936-001JB**

## CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties in accordance with the schedule of payments.

☐     The Court hereby remits the defendant's Special Penalty Assessment; the fee is waived and no payment is required.

| Totals: | Assessment | Fine | Restitution |
|---|---|---|---|
| | $100.00 | $0.00 | $0.00 |

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

Payment of the total fine and other criminal monetary penalties shall be due as follows:

The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

A     ☒   In full immediately; or

B     ☐   $ immediately, balance due (see special instructions regarding payment of criminal monetary penalties).

**Special instructions regarding the payment of criminal monetary penalties: Criminal monetary penalties are to be made payable by cashier's check, bank or postal money order to the U.S. District Court Clerk, 333 Lomas Blvd. NW, Albuquerque, New Mexico 87102 unless otherwise noted by the court. Payments must include defendant's name, current address, case number and type of payment.**

**Consistent with a stipulation in the Plea Agreement, the Defendant forfeits his rights, title, and interest to $82,517.52 in United States Currency seized from a 2000 Chevrolet Tahoe driven by the Defendant on December 18, 2008, as well as to eleven (11) firearms listed in paragraph 4(a) of the presentence report.**

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program, are to be made as directed by the court, the probation officer, or the United States attorney.